Sicola v Cushman & Wakefield, Inc. (2022 NY Slip Op 06185)

Sicola v Cushman & Wakefield, Inc.

2022 NY Slip Op 06185

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 160229/15 Appeal No. 16600 Case No. 2021-03378 

[*1]Maria Sicola, Plaintiff-Appellant,
v
Cushman & Wakefield, Inc., Defendant-Respondent.

Sanford Heisler Sharp, LLP, New York (Deborah K. Marcuse of counsel), for appellant.
Kelley Drye & Warren LLP, New York (Blythe E. Lovinger of counsel), for respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered August 20, 2021, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court correctly granted defendant summary judgment dismissing plaintiff's claim for unlawful retaliation under California's Fair Employment and Housing Act (FEHA) (see Cal Govt Code § 12940 [h]). To establish a prima facie case of retaliation under the statute "a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action" (Yanowitz v L'Oreal USA, Inc. , 36 Cal 4th 1028, 1042 [2005]). Once the plaintiff makes a prima facie showing, the employer must proffer a "legitimate, nonretaliatory reason for the adverse employment action" and, upon such showing, the burden shifts back to the plaintiff "to prove intentional retaliation" (id. ). Here, defendant demonstrated its entitlement to summary judgment by proffering evidence of legitimate, nonretaliatory reasons for its adverse employment actions, and plaintiff failed to raise an issue of fact as to retaliatory animus.
As to the negative 2014 performance review, defendant submitted proof establishing that the expectations of plaintiff's work changed in January 2014 with a new incoming Global CEO, and that several executives who provided feedback on plaintiff's performance stated that plaintiff was not meeting those expectations. Plaintiff's opinion of her own performance did not raise an issue of fact (see Horn v Cushman & Wakefield W., Inc. , 72 Cal App 4th 798, 816 [1999]). Nor did the subjective nature of the executives' feedback "by itself, create pretext" (Hicks v KNTV Television, Inc. , 160 Cal App 4th 994, 1005 [2008]). Further, there was no evidence that four of the executives were aware of plaintiff's prior sexual harassment complaint against another employee when they gave their negative feedback (see Morgan v Regents of Univ. of Cal. , 88 Cal App 4th 52, 73 [2000]). While two were aware of it, there was nothing more than temporal proximity tying their feedback to the complaint, as they had investigated and disciplined the offending employee (see Arteaga v Brink's, Inc. , 163 Cal App 4th 327, 353 [2008]).
As to plaintiff's contention that she was passed over for promotions in retaliation for a July 17, 2015 letter that she sent to defendant's general counsel alleging age and sex discrimination, defendant submitted proof establishing that they hired the other candidates based on their qualifications, approach and strategy to running the business, and feedback from executives, who had given plaintiff negative ratings. In opposition, plaintiff failed to raise an issue of fact. Furthermore, nothing indicated that those executives had knowledge of plaintiff's letter before they provided negative comments regarding her qualifications [*2](see Morgan , 88 Cal App 4th at 73).
With respect to plaintiff's claim that defendant terminated her employment because of the July 17, 2015 letter, defendant adduced evidence establishing that plaintiff's termination was due to its acquisition by another company and downsizing. Plaintiff failed to raise an issue of fact as to whether this reason was pretext for retaliation (see Yanowitz , 36 Cal 4th at 1042) and had, in fact, conceded that positions were being eliminated due to the acquisition.
The court also correctly dismissed plaintiff's claim for age and sex discrimination under FEHA (see Cal Govt Code § 12940 [a]). To make out a prima facie claim for discrimination under the statute, a plaintiff "must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive" (Guz v Bechtel Natl., Inc. , 24 Cal 4th 317, 355 [2000]). Once the plaintiff makes a prima facie showing, the employer is required to adduce a "legitimate, nondiscriminatory reason" for its adverse employment action, and upon such a showing, the plaintiff must then demonstrate that the proffered reason was pretext for discrimination or offer other evidence of discriminatory motive (id. at 355-356). Here, as noted above, defendant proffered legitimate, nondiscriminatory reasons for the adverse employment actions, and plaintiff failed to raise a triable issue of fact as to improper motive. The stray remarks by various individuals that she was "backward-looking," of "the past," and was "old school" were insufficient to suggest age discrimination (see Horn , 72 Cal App 4th at 809-810; Wexler v Jensen Pharms, Inc. , 2016 WL 6594106,*9, 2016 US Dist LEXIS 195599,*25-26 [CD Cal, July 25, 2016, No. CV 15-03518-AB(AJWx)], affd 739 Fed Appx 911 [9th Cir 2018]).
Plaintiff's derivative claims for failure to prevent discrimination and retaliation (Cal Govt Code § 12940 [k]), wrongful termination in violation of public policy, and unfair competition (Cal Bus & Prof Code §§ 17200, et seq. ) fail in the absence of viable underlying claims for discrimination and retaliation (see Carter v California Dept. of Veterans Affairs , 38 Cal 4th 914, 925 n 4 [2006]; Hanson v Lucky Stores, Inc. , 74 Cal App 4th 215, 229 [1999]; Lazar v Hertz Corp. , 69 Cal App 4th 1494, 1505 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022